IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,

v.

IRVIN HUDSON,

*Defendant*.

Criminal No. ELH-19-0173

**MEMORANDUM**

Defendant Irvin Hudson, who is pro se, has filed a motion for sentence reduction pursuant to Amendment 821 to the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."). ECF 66 (the "Motion"). The government opposes the Motion. ECF 76. Defendant did not reply.

No hearing is necessary. Local Rule 105.6. For the reasons that follow, I shall deny the Motion.

## I.      Factual and Procedural Background

On April 3, 2019, a federal grand jury returned a one-count indictment charging Hudson with possession of a firearm and ammunition by a prohibited person, in violation of 18 U.S.C. § 922(g)(1). ECF 1. A Superseding Information was filed on October 17, 2019 (ECF 25), charging Hudson with Possession of a Stolen Firearm, in violation of 18 U.S.C. § 922(j).[1]

On November 6, 2019, pursuant to a Plea Agreement (ECF 30), Hudson pleaded guilty to the Superseding Information. ECF 34. The Plea Agreement (ECF 30) contained the parties' Stipulation of Facts. *Id.* at 10-11.

---

[1] The stolen firearm offense enabled the defendant to avoid designation as an armed career criminal, with a corresponding mandatory minimum sentence of 15 years of incarceration. *See* 18 U.S.C. § 924(e)(1).

According to the Stipulation, the Baltimore Police Department ("BPD") responded to an armed carjacking on the afternoon of November 30, 2018.  The victims recounted that an unknown male had approached the driver of the vehicle at a gas station and pointed a handgun at him.  The carjacker directed the female passenger to exit the vehicle, and then took the driver's keys and fled in the vehicle.  *Id.* at 10.  Later that day, the BPD received information as to the location of the carjacked vehicle.  The BPD helicopter, known as "Foxtrot," responded.  Both the driver and a front passenger exited the vehicle and fled in different directions.  *Id.*

The passenger who fled in the stolen vehicle was identified as defendant Irvin Hudson.  *Id.* Officers in Foxtrot saw Hudson discard a firearm.  It was recovered and determined to be a Glock Model 19 semi-automatic pistol containing a 9 mm cartridge in the chamber.  *Id.*  The magazine was found next to the passenger side door of the carjacked vehicle from which the defendant had exited.  The magazine was loaded with four nine millimeter cartridges.  *Id.*  Moreover, the firearm was stolen.  *Id.*

The plea was tendered under Fed. R. Crim. P. 11(c)(1)(C).  ECF 30, ¶ 9.  In particular, the parties agreed to a sentence of 120 months of imprisonment (10 years).  *Id.*  That corresponded to the statutory maximum.  *Id.* ¶ 3.

The Presentence Report (ECF 35) reflected an offense level of 24 under the Guidelines for possession of the firearm.  *Id.* ¶ 17.  As the firearm was stolen, two levels were added to defendant's offense level.  *Id.* ¶ 18.  After deductions for acceptance of responsibility under U.S.S.G. § 3E1.1, defendant had a final offense level of 23.  *Id.* ¶ 26.

Defendant's criminal history dates to age 16.  *Id.* ¶ 28.  At age 16, he was charged with robbery and committed to the Department of Juvenile Services.  *Id.* ¶ 28.  Between the ages of 19 and 23, Hudson was convicted in the Circuit Court for Baltimore City with three separate felony

drug offenses—distribution of cocaine and distribution of heroin. *Id.* ¶¶ 37, 38, 39. These offenses occurred in 2007, 2009, and 2011.

For the 2007 offense, defendant pled guilty in 2008. *Id.* ¶ 37. He received a sentence of two years of incarceration. For the 2009 offense, defendant pled guilty in 2010 and was sentenced to 23 years of imprisonment, with all but a few months suspended. *Id.* ¶ 38. He violated his probation and, on April 29, 2013, he received a 14-year sentence, with credit dating from October 11, 2011. *Id.* He was paroled in June 2018, with parole to expire on October 11, 2025. *Id.*

In regard to the 2011 offense, defendant pleaded guilty on April 29, 2013. *Id.* ¶ 39. He received a concurrent sentence of 14 years of imprisonment. *Id.* He was paroled in June 2018, with parole expiring on October 11, 2025. *Id.*

Defendant's prior convictions resulted in a subtotal of nine criminal history points. *Id.* ¶ 40. However, two points were added under U.S.S.G. § 4A1.1(d), because defendant committed the underlying offense while on parole for distribution of cocaine and distribution of heroin. *Id.* ¶ 41. Therefore, he had a total of eleven points, which resulted in a criminal history category of V. *Id.* ¶ 42.

Hudson was sentenced on January 17, 2020. ECF 37. He was 31 years of age. ECF 35 at 3. The Court imposed the agreed upon sentence of 120 months' imprisonment, with credit dating from November 30, 2018, followed by three years of supervised release. ECF 38 (Judgment).

Thereafter, Hudson filed a pro se motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF 48. By Memorandum Opinion (ECF 63) and Order (ECF 64) of May 10, 2023, the Court denied Hudson's motion.

The motion to reduce sentence followed on March 19, 2025. ECF 66. On April 7, 2025, the Office of the Federal Public Defender for the District of Maryland filed a notice stating that it

does not intend to supplement defendant's Motion.  ECF 68.  The government opposes the Motion.

ECF 76.

## II.    Discussion

### A.

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed."

18 U.S.C. § 3582(c); *see United States v. Moody*, 115 F.4th 304, 310 (4th Cir. 2024); *United States*

*v. Davis*, 99 F.4th 647, 653 (4th Cir. 2024); *United States v. Brown*, 78 F.4th 122, 128 (4th Cir.

2023); *United States v. Malone*, 57 F.4th 167, 173 (4th Cir. 2023); *United States v. Bond*, 56 F.

4th 381, 383 (4th Cir. 2023); *United States v. Bethea*, 54 F.4th 826, 831 (4th Cir. 2022); *United*

*States v. Ferguson*, 55 F.4th 262, 267 (4th Cir. 2022); *United States v. Hargrove*, 30 F.4th 189,

194 (4th Cir. 2022); *United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020), *abrogated on*

*other grounds by United States v. Troy*, 64 F.4th 177 (4th Cir. 2023); *United States v. Jackson*,

952 F.3d 492, 495 (4th Cir. 2020); *United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019).

But, "the rule of finality is subject to a few narrow exceptions."  *Freeman v. United States*, 564

U.S. 522, 526 (2011).  One such exception is when the modification is "expressly permitted by

statute."  *See* 18 U.S.C. § 3582(c)(1)(B); *see also Jackson*, 952 F.3d at 495.

Section 3582(c)(2) of 18 U.S.C. is relevant.  It permits a court to reduce the sentence of a

defendant who was "sentenced to a term of imprisonment based on a sentencing range that has

subsequently been lowered by the Sentencing Commission," if the amendment has been made

retroactively applicable and "such a reduction is consistent with applicable policy statements

issued by the Sentencing Commission."  *United States v. Moore*, 2024 WL 2828103, at *1 (4th

Cir. June 4, 2024) (per curiam).  *Id.*; *see United States v. Barrett*, 133 F.4th 280 (4th Cir. 2025);

*see also Dillon v. United States*, 560 U.S. 817, 826 (2010)

Amendment 821 to the Guidelines went into effect on November 1, 2023. *Amendment 821*, U.S. SENT'G COMM'N, https://www.ussc.gov/guidelines/amendment/821. It "is a multi-part amendment." *United States v. Gary*, JKB-08-086, 2024 WL 1641007, at \*1 (D. Md. Apr. 16, 2024).

Part A of Amendment 821 pertains to criminal history and so called "status points." *Id.* It amended U.S.S.G. § 4A1.1 "by redesignating subsection (d) as subsection (e) and reducing the additional criminal history points assessed to a defendant who committed his offense while under a criminal justice sentence." *Moore*, 2024 WL 2828103, at \*1; *see also Barrett*, 133 F.4th at 282-83. "Criminal justice sentence" under the Guidelines includes probation, parole, supervised release, imprisonment, work release or escape status. U.S.S.G. § 4A1.1(e).

Prior to Amendment 821, two points were added to a defendant's criminal history score if the defendant committed the underlying offense while on parole, probation, or supervised release (previously codified at U.S.S.G. § 4A1.1(d)). But, Amendment 821 limits the assignment of such "status points." *See* U.S.S.G. § 4A1.1(e).

In particular, Amendment 821 permits the assignment of only one status point, not two, and then only if a defendant has at least seven or more criminal history points. *See* U.S.S.G. § 4A1.1(e). In other words, § 4A1.1(e) eliminates any status points for a defendant who "has six or fewer criminal history points." *Id.*; *see also United States v. Law*, DKC-11-489, 2024 WL 3757902, at \*1 (D. Md. Aug. 12, 2024) ("Part A . . . eliminated status points altogether for a defendant with six or fewer criminal history points."). But, even if a defendant has seven or more criminal history points, he is only subject to a one-point increase, rather than a two-point increase. *See* U.S.S.G. § 4A1.1(e).

Part B of Amendment 821 provides for a decrease of two offense levels "[i]f the defendant meets all of the following criteria[.]" U.S.S.G. § 4C1.1(a). The criteria are, *id.*:

> **(1)** the defendant did not receive any criminal history points from Chapter Four, Part A;
> **(2)** the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
> **(3)** the defendant did not use violence or credible threats of violence in connection with the offense;
> **(4)** the offense did not result in death or serious bodily injury;
> **(5)** the instant offense of conviction is not a sex offense;
> **(6)** the defendant did not personally cause substantial financial hardship;
> **(7)** the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> **(8)** the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
> **(9)** the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
> **(10)** the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848[.]

In *Barrett*, 133 F.4th at 288, the Fourth Circuit stated that, as to Amendment 821, a court is "authorized" under the Sentencing Commission's policy statement § 1B1.10(b)(1) "to consider" the effect of Amendment 821 on a defendant's criminal history category under § 4A1.1 and offense level under § 2D1.1(b)(17).

The Fourth Circuit requires the district court to employ a two-step approach in considering § 3582(c)(2) motions. *United States v. Peters*, 843 F.3d 572, 574 (4th Cir. 2016); *United States v. Williams*, 808 F.3d 253, 257 (4th Cir. 2015). "First, a court must determine the defendant's eligibility. Section 3582(c)(2) permits a reduction only if (1) the defendant's 'term of imprisonment [was] based on a sentencing range that has subsequently been lowered by the Sentencing Commission,' and (2) the reduction 'is consistent with applicable policy statements

issued by the Sentencing Commission.' § 3582(c)(2). Second, the court may grant the authorized reduction 'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" *Peters*, 843 F.3d at 574 (citations omitted). "The ultimate decision of '[w]hether to reduce a sentence and to what extent' is committed to the district court's discretion." *Id.*

**B.**

The Presentence Report (ECF 35) indicates that Hudson received two status points under U.S.G.G. § 4A1.1(d). *Id.* ¶ 41. This is because defendant "committed the instant offense while under parole" in two cases—distribution of heroin (Docket Number 109212008) in the Circuit Court for Baltimore City (*see id.* ¶ 38) and distribution of cocaine (Docket Number 111297032) in the Circuit Court for Baltimore City (*see id.* ¶ 39). *Id.* ¶ 41. This increased defendant's criminal history score from nine points to eleven points. *Id.* ¶¶ 40, 41, 42. And, eleven points yields a criminal history category of V. *Id.* ¶ 42.

However, if defendant were sentenced today, he would only receive one status point, pursuant to U.S.S.G. § 4A1.1(e). This would result in a score of ten points. But, ten points also equates to a criminal history category of V. Therefore, Amendment 821 has no impact on defendant's criminal history category.

In any event, Hudson's total offense level of 23, coupled with a criminal history category of V, results in an advisory Guidelines range of 84 to 105 months. But, the parties agreed to a sentence of 120 months of imprisonment, under Rule 11(c)(1)(C). *See* ECF 30, ¶ 9.

The Court explained to the defendant at sentencing that, if the defendant had been convicted of the original charge, *i.e.*, being a felon in possession of a firearm, he would have qualified as an armed career criminal. ECF 59-1 at 7. And, if he were so designated, then, by law, the Court would have been required to impose a sentence of at least 15 years of incarceration, with

a potential sentence up to life imprisonment. *Id*.; *see* 18 U.S.C. § 924(e). Pursuant to plea negotiations, however, the defendant was able to avoid that exposure. Instead, he pled to an offense with a maximum exposure of ten years of incarceration and, pursuant to the C Plea, that is the sentence to which the parties agreed.

### III.    Conclusion

In sum, Amendment 821 does not assist Hudson. Therefore, I shall deny defendant's Motion. ECF 66.

An Order follows.


Date:   January 22, 2026                          /s/
                                         Ellen L. Hollander
                                         United States District Judge